# Chapter 13 Plan

*Effective 1/1/2023*
*Version 4*

Debtor 1: **Dick Scoppettone**

Debtor 2 *(Spouse, if filing)*: **Maureen Ann Scoppettone**

**United States Bankruptcy Court - NORTHERN DISTRICT OF CALIFORNIA**

Case Number *(if known)*: **24-51893**

☑ Check if this is an amended plan

☐ Check if this is a post-confirmation modified plan

## Section 1: Notices

Note: In a joint case, reference to a Debtor includes both Debtor 1 and Debtor 2. Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

**To Debtors:** This form sets out permissible options for chapter 13 cases in the Northern District of California. The text of the provisions in this form plan may not be altered. Any nonstandard provision must be stated in § 10 of this plan and you must check "Included" in § 1.4 below. Any nonstandard provision placed elsewhere is ineffective. **Use of this form is mandatory**.

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

The following matters may be of particular importance. *Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.* This may also be accomplished by a separately filed motion as indicated in the applicable section.

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | **A provision that limits the amount of a secured claim based on a valuation of the collateral for the claim, see Class 3.** | ☐ | ☑ |
| 1.2 | **A provision that avoids a security interest or lien, see Class 4.** | ☐ | ☑ |
| 1.3 | **A provision that avoids a judicial lien or nonpossessory nonpurchase money lien, see Class 6.** | ☐ | ☑ |
| 1.4 | **Nonstandard provisions, see § 10.** | ☐ | ☑ |

## Section 2: Plan Payments & Length of Plan

**2.1 Debtor will make payments to the Trustee as follows:**

| Dollar Amount | Number of Months | Total |
|---|---|---|
| $1,411.00 | 3 | $4,233.00 |
| $1,468.00 | 57 | $83,676.00 |
| Additional Payments *(see § 2.3)*: | | $0.00 |
| Estimated Total Months: **60** | **Estimated Total Payments** | $87,909.00 |

**2.2** The initial plan payment to the Trustee is due 30 days after the petition date. After the initial plan payment to the Trustee, regular plan payments must be received by the Trustee not later than the 20th day of each month. Payments will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor will make payments directly to the Trustee.

☐ Debtor will make payments pursuant to a payroll deduction (wage) order.

|  | Other: |
|---|---|

**2.3 Additional payments**

*Check one:*

☑ None. The rest of this provision need not be completed or reproduced.

## Section 3: Claims

**Need to file proof of claim and determination of classification.** A creditor, including a secured creditor, must file an allowable proof of claim in order to receive disbursements from the Trustee, whether or not this plan mentions the creditor's claim. Unless the court orders otherwise, the Trustee will make distributions only on filed proofs of claim. Unless the court orders otherwise, the proof of claim shall determine the amount and classification of a claim.

## Section 4: Pre-confirmation adequate protection payments to secured creditors

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 5: Treatment of Claims

**Class 1: Secured claims on which Debtor had defaulted before the petition date. Debtor does not intend to alter terms except to cure arrears**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:**

- **Retention of lien and claimholder's rights.** A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, i.e. the regular installments of principal, accrued and unpaid interest and other charges, such as attorney's fees, escrow, and collection costs, that became due before the petition date without regard for any acceleration.

- **Cure payments by the Trustee.** Unless a Class 1 creditor agrees to different treatment, the Trustee will make distributions to cure the prepetition arrearage. The Trustee will make monthly payments on each Class 1 claim that include interest on the arrearage at a 0% interest rate unless a different rate is stated below. Each Class 1 creditor shall apply these payments only to the prepetition arrearage. The Trustee shall make no payment to a creditor if there is no allowable filed proof of claim, or whose proof of claim states that the arrearage is $0.00, none, or the like.

- **Postpetition maintenance payments.** Unless specifically noted otherwise in the box below, Debtor, and not the Trustee, shall pay directly to each Class 1 creditor or its agent each payment first becoming due without acceleration after the petition date ("postpetition installments"), as authorized under the applicable agreement and law, but the amount of the postpetition installments shall be determined as if the claim was not in default on the petition date. Each Class 1 creditor must apply the postpetition installments only to the debtor's postpetition obligations.

| Creditor Name | Collateral | Claim Amount | Estimated Arrearage | Interest Rate % | Monthly Arrearage Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|---|
| **Select Portfolio Servicing, Inc** | **111 Bean Creek Road Unit 146 Scotts Valley, CA 95066 Santa Cruz County FMV is based on comparables in the area. House was purchased in 1989.** | **$507,489.22** | **$58,868.62** | 0.00% | **$933.98 per month for months 1-3, then $983.63 per month for months 4-60.** | **January 2025** |

| Shellpoint Mortgage Servicing | 111 Bean Creek Road Unit 146 Scotts Valley, CA 95066 Santa Cruz County FMV is based on comparables in the area. House was purchased in 1989. | $103,840.81 | $11,947.61 | 0.00% | $199.75 per month for months 1-3, then $199.10 per month for months 4-60. | January 2025 |
|---|---|---|---|---|---|---|

☐ Conduit plan option. If selecting, list Class 1 claims in Attachment A and attach to plan, and select nonstandard provision box in Section 1.4

**Class 2: Secured claims which mature before the projected date of the last payment due under this plan which are intended to be paid in full or any other secured claim that is to be paid in full through the plan by the Trustee**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 3: Secured claims on which Debtor proposes to limit the claim amount to the value of the collateral pursuant to 11 U.S.C. § 506(a) and § 1325 (stripped down)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 4: Secured claims on which Debtor proposes to treat the claim as fully unsecured pursuant to 11 U.S.C. § 506(d), § 1322(b) (2) and § 1325 (voiding liens)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 5: Secured claims excluded from 11 U.S.C. § 506 valuation by the "hanging paragraph" of § 1325(a), which are subject to In re Penrod, 611 F.3d 1158 (9th Cir. 2010) (e.g., "910 Claims")**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 6: Secured claims on which Debtor proposes to limit the claim amount pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 7: Secured claims which Debtor proposes to satisfy by surrender of collateral**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** The Trustee shall make no distributions on a Class 7 secured claim if the real or personal property described below has been surrendered or offered for surrender to the creditor.

Entry of the order confirming this plan will terminate the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to Debtor, codebtor(s), and the bankruptcy estate, to permit the creditor whose collateral is being surrendered to receive, repossess, or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law.

| Creditor Name | Collateral |
|---|---|
| **Siskiyou County Tax Collector** | **Vacant Lot Stonecrest Drive Lot 70 Weed, CA Debtor believes that the property has been foreclosed as he stopped making payments. Debtor surrenders all interest in said property. APN: 108-190-190** |

**Class 8: Secured claims on which Debtor was not in default on the petition date. Debtor does not intend to modify the claimant's rights.**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** Claimant will retain its lien until the underlying debt is paid in full under nonbankruptcy law. The Debtor or a third party shall make all regularly scheduled contractual payments coming due postpetition.

| Creditor Name | Collateral | Contractual Payment | Person who will pay debt |
|---|---|---|---|
| **Hidden Oaks Condominums** | 111 Bean Creek Road Unit 146 Scotts Valley, CA 95066 Santa Cruz County<br>FMV is based on comparables in the area. House was purchased in 1989. | $807.00 | Debtors |

**Class 9: Non-Assigned Priority Domestic Support Obligations - § 507(a)(1)(A) and § 1322(a)(2)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 10: Assigned Priority Domestic Support Obligations - § 507(a)(1)(B), § 1322(a)(4)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 11: Priority Taxes - § 507(a)(8), § 1322(a)(2)**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** All allowed priority tax claims shall be paid in full in deferred cash payments by the Trustee pursuant to § 507(a)(8) and § 1322(a)(2).

| Creditor Name | Estimated Claim Amount | Interest Rate % |
|---|---|---|
| **Internal Revenue Service** | $2,966.19 | 0.00% |

**Class 12: Other Priority Claims**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 13: Nonpriority General Unsecured Claims (Afforded Special Treatment, including co-signed debts)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 14: Nonpriority General Unsecured Claims**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** Treatment: Allowed claims will be paid by the Trustee, from funds remaining after payment of all other allowed claims, as follows:

*Check One:*

☑ **Fixed dollar dividend:** allowed general unsecured claims shall be paid by the Trustee an aggregate dividend of **$0.00** which shall be shared pro rata by claimants.

Section 6: Unclassified Claims and Expenses

**Trustee's Fees.** The Trustee's fees are governed by 28 U.S.C. § 586(e), may change during the course of the case, but cannot exceed 10% of receipts.

**Debtor's attorney fees.**

Debtor's attorney was paid **$687.00** prior to the filing of the case. Additional fees **$5,313.00** of shall be paid upon court approval. Debtor's attorney will seek approval either by:

☑ complying with General Order 35; or

Debtor's attorney's fees shall be paid **$88.55** of each monthly plan payment.

**Other Administrative Expenses.**

**-NONE-** as allowed by 11 U.S.C § 1326(b). Name of party owed:

## Section 7: Executory Contracts and Unexpired Leases

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 8: Vesting of Property of the Estate

Property of the estate (check one):

☑ Revests in Debtor upon confirmation. Debtor may sell, refinance, or execute a loan modification without prior court approval or order if the Trustee approves the transaction.

Regardless of vesting of property of the estate:
- during the pendency of the case, the Trustee is not required to file income tax returns for the estate or insure any estate and
- the court shall be empowered to enforce Bankruptcy Rule 3002.1; and to provide any other relief necessary to effectuate this plan, the orderly administration of this case, and the protection of property of Debtor and property of the estate.

## Section 9: Miscellaneous Provisions

**9.1 Direct Secured Debt Payments.** Unless the court otherwise orders, if Debtor elects to pay installment payments directly to the lender(s) on real property secured debt that is in default on the filing date, Debtor shall file a declaration under penalty of perjury on each anniversary of the plan's confirmation of having made those payments and shall serve each declaration on the Trustee.

**9.2 Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to Debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

**9.3 Effect of relief from automatic and codebtor stays.** As soon as practicable after the Trustee receives notice of an order granting relief from stay, the Trustee shall cease making distributions on all claims secured by such collateral, unless the court orders otherwise.

**9.4 Distribution of plan payment by the Trustee in non-conduit cases.** Debtor's monthly plan payment must be sufficient to pay in full: (a) Trustee's fees, (b) the monthly dividends specified in Section 6 for Debtor's attorney's fees and administrative expenses, (c) the monthly dividends payable on account of Class 1, 2, 3, 5, and 6 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to the Trustee, the Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in the paragraph above. If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of the above paragraph, such dividends shall be paid pro rata, on account of any of the fees, payments, expenses, and claims within such subpart.

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: first, Debtor's attorney's fees, and administrative expenses in Section 6; second, claims in Classes 1, 2, 3, 5, and 6, and executory contract and unexpired lease arrearage claims; third, priority claims in Classes 9, 10, 11, 12; fourth, unsecured claims in Class 13; and fifth,

unsecured claims in Class 14.

## Section 10: Non-Standard Plan Provisions

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 11: Signatures

By filing this document, each Debtor signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in form chapter 13 plan, other than any nonstandard provisions included in Section 10, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of Debtor's knowledge, and (d) that Debtor will be able to make all plan payments and otherwise comply with plan provisions. Further, the statements in Attachment(s) A, B, C, and D, if applicable, are true and correct, under penalty of perjury.

| X: *Dick Scoppettone* | X: *Maureen Ann Scoppettone* |
|---|---|
| Dick Scoppettone | Maureen Ann Scoppettone |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed On: 4/3/2025 | Executed On: 4/3/2025 |

The undersigned certifies under penalty of perjury that the wording and order of provisions in this plan are identical to those contained in the form chapter 13 plan, other than any nonstandard provision included in Section 10.

| X: /s/ Rabin J. Pournazarian | Date: 3/28/2025 |
|---|---|
| Rabin J. Pournazarian 186735 | |
| Signature of Attorney Debtor(s) | |